IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT L. RENDELMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 13-209-GPM |
| ) | |
| UNITED STATES OF AMERICA, ) | CRIMINAL NO. 09-40051-GPM |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

     Mr. Rendelman filed the pending petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts mandates that such motions "shall be examined" and "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." Such is the case here. Mr. Rendelman's § 2255 motion is meritless and shall be dismissed on the Court's threshold review.

     Mr. Rendelman was indicted on August 4, 2009 and charged with criminal contempt of court—for failure to comply with grand jury subpoenas for handwriting examplars in the investigation of threatening letters. SDIL Criminal Case No. 3:09-cr-40051-GPM-1 (Doc. 1). A superseding indictment was returned February 24, 2011 adding three counts of retaliation against federal officials and two counts of making threats against the President of the United States—it

was alleged Mr. Rendelman wrote and sent threatening letters to Assistant United States Attorneys, a United States District Judge, and the President.   SDIL Criminal Case No. 3:09-cr-40051-GPM-1 (Doc. 45).  Mr. Rendelman pleaded not guilty and proceeded to trial. Two psychological evaluations proceeded his trial:  one by Dr. Kevin Miller, while Mr. Rendelman was represented by an Assistant Federal Public Defender Melissa Day; and one by Dr. Christina Pietz, on the Government's motion.  Attorney Day withdrew owing to a conflict on December 8, 2009; the Court appointed attorney Terry M. Green; then the Court granted Mr. Rendelman's motion to represent himself—with attorney Green as stand-by counsel. 3:09-cr-40051-GPM-1 (Doc. 49).  The Court held a competency hearing on February 24, 2011 and found Mr. Rendelman competent to stand trial.   Mr. Rendelman moved for re-examination by Dr. Miller "in relation to" the counts added in the superseding indictment.   3:09-cr-40051-GPM-1 (Doc. 61).  He argued that the "new" Dr. Miller evaluation should opine on his diminished capacity and dangerousness, as those issues would be "relevant for sentencing".  *Id*. The Court entered a comprehensive Memorandum and Order denying the motion for re-evaluation. 3:09-cr-40051-GPM-1 (Doc. 72).

The jury found Mr. Rendelman guilty on all counts.   3:09-cr-40051-GPM-1 (Doc. 88). He was sentenced on November 17, 2011 to a sentence of 96 months custody in the Federal Bureau of Prisons.   3:09-cr-40051-GPM-1 (Doc. 147).   Mr. Rendelman called Dr. Miller to testify as to diminished capacity at his sentencing hearing, and the Court considered that evidence when a below-guideline sentence was entered.   3:09-cr-40051-GPM-1 (Doc. 148). Mr. Rendelman filed a notice of appeal with the Seventh Circuit Court of Appeals, then ten days later filed a motion for new trial with this Court.  3:09-cr-40051-GPM-1 (Docs. 149, 155).   The motion for new trial

argued that Dr. Miller's opinion on "diminished capacity" presented at the sentencing hearing was new evidence mandating a new trial. The Court disagreed and the motion was denied. 3:09-cr-40051-GPM-1 (Doc. 166). The Court of Appeals also found Mr. Rendelman's arguments unavailing. *United States v. Scott L. Rendelman,* 495 Fed.Appx. 727 (7th Cir. 2012). He had argued on appeal that the district court abused its discretion when it denied the motion for a "new" evaluation by Dr. Miller to offer opinions on his mental state at the time he wrote the letters. *Id.* at 730. Mr. Rendelman argued that another evaluation would have shown that he could not stop himself from writing the threatening letters because of an unconscious compulsion to do so. *Id.* The Seventh Circuit found that "what Rendelman hoped another evaluation would show, that he [was] unable to stop himself from writing letters, [did] not support a plausible defense and would not be a significant factor at trial." *Id.* at 731. Further, Dr. Miller's evaluation "*did* address Rendelman's mental state when he was writing the letters". *Id.* (emphasis added).

In this § 2255 motion, Mr. Rendelman contends he received ineffective assistance of counsel from attorneys Day and Green. He claims attorney Day was ineffective as she did not believe diminished capacity was a viable offense (Doc. 1, p. 7). She also ostensibly knew she would eventually need to withdraw and knew that the Court would not pay for a second psychological evaluation. Attorney Green was ineffective as he failed to request a hearing on Mr. Rendelman's (pro se) motion for an additional psychological evaluation. Mr. Green also failed to subpoena Ms. Day, at Mr. Rendelman's request, to appear at his competency hearing. At that hearing, had she appeared, Mr. Rendelman planned to elicit testimony from her on why she had not raised a diminished capacity defense.

Allegations of ineffective assistance of counsel are of course evaluated under the

two-prong Strickland test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007), *cert. denied*, 552 U.S. 1118 (2008), *citing Strickland v. Washington*, 466 U.S. 668, 694 (1984).  The Court's review of attorney performance is "highly deferential," with the underlying assumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 690.   Under *Strickland*, a petitioner must prove (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that the attorney's deficient performance prejudiced the defendant such that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Morgan v. Hardy*, 662 F.3d 790, 802 (7th Cir. 2011), *quoting Strickland*, 466 U.S. at 694. In order to establish that counsel's performance was deficient, the defendant must show errors so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012).

   Mr. Rendelman's arguments in this habeas motion are recapitulations of his arguments made on motion to the Court before trial, on direct appeal, and to this Court in his motion for a new trial.   He has reframed them as ineffective assistance of counsel claims, as, he astutely points out, ineffective assistance claims are best left to post-conviction review.   The Court finds, however, that neither counsels' performance was deficient and that there was no prejudice to Mr. Rendelman's defense.

   Attorney Day moved to withdraw on January 22, 2010.    3:09-cr-40051-GPM-1 (Doc. 19).   The superseding indictment was filed over a year later, on February 24, 2011. 3:09-cr-40051-GPM-1 (Doc. 45).   There is no evidence Ms. Day foresaw the course of events to come and used that prognostication to sabotage Mr. Rendelman's defense.   That is what Mr.

Rendelman claims happened.  The claim is not credible.

Neither does the Court find that Attorney Green's performance was deficient.  Acting as stand-by counsel, Mr. Green filed Mr. Rendelman's pro se motion for another evaluation.  Even if it were the case that Mr. Green refused to file a motion for a hearing on the matter, Mr. Green's performance was not deficient.  Mr. Rendelman's motion was thoroughly considered and discussed by the Court on pages four to six of the Order at (Doc. 72).  A hearing on the motion would have made no difference.  More basically, it is not clear that an ineffective assistance of counsel claim against stand-by counsel is even viable.  *See United States v. Windsor,* 981 F.2d 943, 947 (7th Cir. 1992) ("This court knows of no constitutional right to effective assistance of standby counsel.  As the word 'standby' implies, standby counsel is merely to be available in case the court determines that the defendant is no longer able to represent himself or in case the defendant chooses to consult an attorney.  A defendant who has elected to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.").

The ultimate barrier to Mr. Rendelman's success on his § 2255 ineffective assistance of counsel claim is the lack of prejudice.  The sentencing Court *did* consider that Mr. Rendelman had some diminished capacity.  That consideration led the Court to hand down a below-guideline sentence.  3:09-cr-40051-GPM-1 (Doc. 148).  But nothing counsel did or did not do regarding Mr. Rendelman's request for an additional psychological exam—a request the Court considered in full at the time it was made—changes the fact that there was "*overwhelming* evidence that Rendelman intended to send the letters to his victims." 495 Fed.Appx. at 732 (emphasis added).

Upon the review called for by Rule 4(b) of the Rules Governing Section 2255 Proceedings

in the United States District Courts, the Court finds it plain that Mr. Rendelman is not entitled to relief.   The § 2255 motion is thus **DENIED** and this action **DISMISSED**.

**IT IS SO ORDERED.**

**DATED**: November 14, 2013

s/ <i>G. Patrick Murphy</i><br>
G. PATRICK MURPHY<br>
United States District Judge